UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GREGORY LEE GRAY,

        Petitioner,

vs.

M. McDONALD, Warden,

        Respondent.

           /

No. C 10-5748 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

        This is a habeas case filed pro se by a state prisoner. Petitioner had a previous case attacking the same judgment, *Gray v. Runnels*, C 01-2880 PJH (PR). That case was dismissed as barred by the statute of limitations and the dismissal was affirmed on appeal.

        The court dismissed this petition as second or successive, as it had two previous cases, *Gray v. Felker*, 09-2461 PJH (PR), and *Gray v. McDonald*, 10-0845 PJH (PR). In *Gray v. McDonald* both this court and the court of appeals denied a certificate of appealability ("COA").

        Petitioner filed a notice of appeal. The court of appeals has remanded to allow this court to decide whether a COA should issue.

        A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal as second or successive, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

        "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional

claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because it is indisputable that petitioner had a previous habeas case directed to the same conviction, and that he did not obtain an order from the court of appeals allowing him to file a new petition. *See* 28 U.S.C. § 2244(b)(3)(A) (habeas petitioner may not file second or successive petition unless he or she first obtains from appropriate United States Court of Appeals order authorizing filing). Jurists of reason thus would not find the court's ruling debatable or wrong. A certificate of appealability is **DENIED**.

As instructed in the order of remand, the clerk shall transmit the record and this order to the Court of Appeals.

**IT IS SO ORDERED.**

Dated: September 6, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\GRAY5748.COA.wpd